IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL LENHART REYNOLDS,            )
                                    )
         Plaintiff,                 )
                                    )
   -vs-                             )   Civil Action No. 17-90
                                    )
NANCY A. BERRYHILL,[1]              )
COMMISSIONER OF SOCIAL SECURITY,    )
                                    )
         Defendant.                 )

AMBROSE, Senior District Judge

# OPINION

Pending before the court are Cross-Motions for Summary Judgment. (ECF Nos. 9 and 12). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 11 and 13). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 9) and granting Defendant's Motion for Summary Judgment. (ECF No. 12).

## I.    BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to the Social Security Act. Plaintiff filed his applications alleging disability since February 11, 2012. (ECF No. 7-5, pp. 3, 10). Administrative Law Judge ("ALJ"), William J. Bezego, held a video hearing on March 22, 2016. (ECF No. 7-2, pp. 40-74). On April 6, 2016, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 7-2, pp. 22-36).

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 9 and 12). The issues are now ripe for review.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not,

whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Plaintiff's Complaints of Pain

Plaintiff argues that the ALJ erred in finding Plaintiff's complaints of pain not entirely consistent. (ECF No. 11, pp. 15-17). In considering the intensity, persistence, and limiting effects of an individual's symptoms (including pain), the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record. SSR 16-3p. Additionally, the ALJ will consider treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §§416.929(c), 404.1529(c); SSR 16-3p. The ALJ

3

will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

After a review of the record, I find that the ALJ followed the proper method as set forth above. (ECF No. 7-2, pp. 27-34). For example, while assessing Plaintiff's credibility, the ALJ compared the medical evidence and other evidence of record to his complaints and found them to be contradictory. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's symptoms as required by 20 C.F.R. §§416.929, 404.1529 and SSR 16-3p. Furthermore, based on the entire record as a whole, I find there is substantial evidence to support the ALJ's decision that Plaintiff's complaints of pain are not entirely consistent. (ECF No. 7-2, pp. 22-36). Therefore, I find no error in this regard. Consequently, remand is not warranted on this basis.

Plaintiff further argues that the ALJ erred in determining that "Plaintiff can frequently handle, finger, and feel with his right upper extremity." (ECF No. 11, pp. 16-17). In support of this argument, Plaintiff first submits that his testimony and the medical evidence, specifically the opinion of Dr. Dewitt, the consulting examiner, who opined that Plaintiff was limited to occasional manipulative functions with his right hand, support the conclusion that he "continues to have arthritis, upper extremity numbness, and paresthesia." *Id.*, at p. 17. To be clear, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Thus, this support for Plaintiff's argument is misplaced.

It may be read that Plaintiff is also arguing that the ALJ erred in determining his residual functional capacity ("RFC")[2] as it relates to the opinion evidence of Dr. Dewitt and Plaintiff's right

---

[2] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a).

4

hand. (ECF No. 11, pp. 16-17). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2). The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where .

5

> . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, consultative examiner, Dr. Dewitt, opined, *inter alia,* that other than reaching, Plaintiff was limited to occasional activities as it relates to his right hand and frequent activities with his left hand. (ECF No. 7-7, p. 105). The ALJ gave Dr. Dewitt's opinion partial weight because it was inconsistent with the other evidence of record, including Dr. Dewitt's own opinion on lifting and carrying limitations. (ECF No. 7-2, pp. 33-34). Additionally, he noted that the decision appeared "to have been largely based on the claimant's subjective reports rather than on objective medical findings. For instance, there were no significant strength or sensory deficits documented in Dr. Dewitt's report [and] treatment has remained conservative…." (ECF No. 7-2, p. 34). As set forth above, an ALJ is not required to accept a doctor's opinion uncritically. Rather, the ALJ must weigh it in relation to all of the evidence of the record. In this case, that is exactly what the ALJ did. After a review of the ALJ's opinion in its entirety and the evidence of record, I find the ALJ gave Dr. Dewitt's opinion partial weight for valid and acceptable reasons. *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence). I further find that his RFC as it relates to his right hand is supported by substantial evidence. (ECF No. 7-2, pp. 22-36). Thus, I find no error with this issue and remand is not warranted.

### E. <u>Vocational Expert</u>

Plaintiff next submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 11, pp. 17-18).

Specifically, Plaintiff suggests that the ALJ's hypothetical questions failed to include the limitations related to Plaintiff's right extremity as noted by Dr. Dewitt. *Id.* An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record and my discussion above, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments. (ECF No. 7-2, pp. 22-36). Consequently, I find no error in this regard.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMUEL LENHART REYNOLDS,            )
                                     )
      Plaintiff,                     )
                                     )
 -vs-                                )        Civil Action No. 17-90
                                     )
NANCY A. BERRYHILL,[3]               )
COMMISSIONER OF SOCIAL SECURITY,     )
                                     )
      Defendant.                     )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 15th day of May, 2018, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 9) is denied and Defendant's Motion for Summary Judgment (ECF No. 12) is granted.

                                         BY THE COURT:

                                         s/ Donetta W. Ambrose
                                            Donetta W. Ambrose
                                            United States Senior District Judge

---

[3] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.